UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH FRENTRESS,

Plaintiff,

v.

INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, SALARIED, MACHINE and FURNITURE WORKERS – COMMUNICATIONS WORKERS OF AMERICA, LOCAL 89119,

Defendant.

Case No. 3:25-cv-00519-ART-CLB

ORDER GRANTING MOTION TO DISMISS

Plaintiff Joseph Frentress brings this action against the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers – Communications Workers of America, Local 89119 ("the Union"), seeking redress for the Union's alleged breach of the duty of fair representation owed to Mr. Frentress as a union member. Specifically, Mr. Frentress asserts that the Union failed to perform its duty to represent him in a dispute with his employer, action that he claims was required by the collective bargaining agreement ("CBA") governing the relationship between the Union and his employer.

Before the Court is the Union's motion to dismiss (ECF No. 6), requesting dismissal of Mr. Frentress's complaint because it is time-barred and fails to state a claim upon which relief may be granted. The Union alternatively requests that the Court treat its motion as one for summary judgment and conclude that it is entitled to judgment as a matter of law. For the reasons identified below, the Court grants the motion to dismiss with leave to amend the complaint.

## I. FACTS

At all times relevant to this litigation, Mr. Frentress was a member of the

Union in good standing and employed in or near Fallon, Nevada, in a position covered by the CBA between his employer and the Union. (ECF No. 1 at 1.) Mr. Frentress alleges that after a period of absence, he was medically cleared to return to work but only in a "limited duty" position. (ECF No. 1 at 3.) Mr. Frentress and the Union agree that Mr. Frentress's employer, rather than accommodate these needs, told him that it did not have a "limited duty" position to offer. (*Id.*; ECF No. 7 at 3.) Mr. Frentress sought representation from the Union to facilitate resolution of this dispute, but the Union declined to intervene at least as early as November 2023. (ECF No. 1 at 3-4; ECF No. 6 at 3.)

Mr. Frentress first filed a charge with the National Labor Relations Board (NLRB) in November 2023, alleging that the Union breached its duty of fair representation by declining to pursue his grievance, but the NLRB dismissed the charge in July 2024. (ECF No. 6 at 3.) Mr. Frentress then filed his complaint on September 23, 2025. (ECF No. 1 at 1.) In the complaint, Mr. Frentress alleges one cause of action: breach of the duty of fair representation under federal labor law. (*Id.* at 4.) The Union filed its motion to dismiss or, in the alternative, motion for summary judgment on October 29, 2025. (ECF No. 6.) In support of its motion, the Union attached four exhibits, including the operative CBA and an email exchange between Mr. Frentress and a union representative. (*Id.*)

## II. ANALYSIS

### A. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 555). Rather, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint. *Id.* at 678-79.

At the motion to dismiss stage, courts generally "may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such an event, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

The Union styles their motion to dismiss as alternatively seeking summary judgment based on four attached exhibits, including the operative CBA and an email exchange between Mr. Frentress and the Union. (ECF No. 6 at 9-10.) Because Mr. Frentress has not had an opportunity to present external materials of his own, the Court declines to consider the exhibits attached to the parties' motion to dismiss briefing and instead limits its review to the pleadings, consistent with the motion to dismiss standard. *Cf. Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating . . . that it will not exclude those materials from its consideration.").

**B. Motion to Dismiss**

The Union's argument for dismissal under Rule 12(b)(6) is twofold. First, the Union argues that the complaint must be dismissed because it was filed after

the statute of limitations had run and Mr. Frentress has not pled any basis for tolling. (ECF No. 7 at 5–7.) Second, the Union argues that the complaint lacks sufficient factual allegations to state a plausible claim upon which relief may be granted. (*Id.* at 7–9.) And as a final matter, the Union also contests Mr. Frentress's request for punitive damages. (*Id.* at 10.) These arguments are addressed in turn.

**1. Statute of Limitations and Equitable Tolling**

In the motion to dismiss, the Union argues that Mr. Frentress's claim that the Union breached its duty of fair representation is time-barred because it was filed after the applicable statute of limitations had run. (ECF No. 6 at 5-6.) The Union also argues that there is no basis for equitable tolling. (*Id.* at 6-7.) It thus urges the Court to dismiss the complaint without leave to amend, as amendment would be futile. (*Id.* at 10; ECF No. 8 at 9.)

Mr. Frentress sues the Union for breach of the "collective bargaining agreement." An employee may sue their employer and/or their union for failure to uphold its end of a collective bargaining agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-64 (1983). A suit in which the employee sues both parties to the agreement—i.e., the employer and the union—is known as a "hybrid" action, comprising two "inextricably interdependent" claims: one against the employer for breach of contract under 29 U.S.C. § 185, and one against the union for breach of the duty of fair representation. *DelCostello*, 462 U.S. at 164 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66 (1981) (Stewart, J., concurring in the judgment)); *Prazak v. Local 1 Int'l Union of Bricklayers & Allied Crafts*, 233 F.3d 1149, 1151 (9th Cir. 2000) (stating that a claim that "alleges unfair labor practices by an employer and a union's breach of duty to fairly represent all its members" is "commonly referred to as a 'hybrid' claim"). In hybrid cases, "[t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165. Regardless, the action "amount[s] to 'a direct

challenge to the private settlement of disputes under the collective-bargaining agreement.'" *Id.* (*quoting Mitchell*, 451 U.S. at 66 (Stewart, J., concurring in judgment)) (quotation modified).

In *DelCostello*, the Supreme Court held that the six-month statute of limitations established in 29 U.S.C. § 160(b) applies to this type of hybrid action. 462 U.S. at 172; *see also Gardner v. Int'l Tel. Emps. Local No. 9*, 850 F.2d 518, 522 (9th Cir. 1988) (applying *DelCostello*'s logic where an employee only brought claims against his union and did not include a breach of contract claim against his employer). A claim against a union for breach of the duty of fair representation accrues, triggering the six-month limitations period, "no later than the time when plaintiffs knew or reasonably should have known that such a breach had occurred, even if some possibility of nonjudicial enforcement remained." *Santos v. Dist. Council of N.Y.C.*, 619 F.2d 963, 969 (2d Cir. 1980). This requirement is satisfied when the employee-plaintiff becomes aware, either through direct communication or "prolonged inaction," that the union will not pursue their grievance. *Pantoja v. Holland Motor Exp., Inc.*, 965 F.2d 323, 327 (7th Cir. 1992). It is also satisfied on the date the employee files a charge with the NLRB. *Washington v. Serv. Emps. Int'l Union, Local 50*, 130 F.3d 825, 826 (8th Cir. 1997).

The Union argues that Mr. Frentress's claim accrued at least as early as November 2023, the month in which (a) the Union emailed Mr. Frentress to let him know that it would not represent him against his employer, and (b) Mr. Frentress filed his charge with the NLRB. (ECF No. 6 at 5-6.) Mr. Frentress responds that the accrual date was in fact later because he was engaged in ongoing communications with the Union regarding the dispute "into 2024." (ECF No. 7 at 4.) But even so, he filed his complaint in September 2025, far later than six months after filing the NLRB charge. (ECF No. 1.) The Court thus agrees with the Union that Mr. Frentress filed his complaint more than six months after his duty of fair representation claim accrued.

Mr. Frentress's claim may only proceed, then, upon his showing that the limitations period was tolled, either statutorily or equitably. *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987) (explaining that where the claim is filed outside the six-month period, it is time-barred unless the plaintiff can show that the statute of limitations period was suspended for a sufficient period). The only basis for statutory tolling found in 29 U.S.C. § 160(b)—from which the six-month statute of limitations is taken—applies to members of the armed forces and is thus inapplicable based on the facts presented. 29 U.S.C. § 160(b) ("[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing . . . unless the person aggrieved thereby was prevented from filing . . . by reason of service in the armed forces."). Regarding equitable tolling, Mr. Frentress briefly suggests, in response to the motion to dismiss, that tolling may apply here, "depending on the Union's representations that HR, not the grievance process, was the proper channel" for resolving his dispute with his employer. (ECF No. 7 at 4.) The Union argues that Mr. Frentress fails to plead a proper basis for equitable tolling and thus fails to show that the claim is not time-barred. (ECF No. 8 at 4-6.)

Equitable tolling "effectively extends an otherwise discrete limitations period set by Congress," *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014), and it is "presume[d] that federal statutes of limitations are subject to equitable tolling," *Arellano v. McDonough*, 598 U.S. 1, 6 (2023). A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way'" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). One such extraordinary circumstance may be that the litigant declined to timely file based on some misrepresentation or misconduct by the opposing party. *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 96 (1990) (discussing instances where the plaintiff was induced into letting the filing

deadline pass); *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996) (listing the elements for establishing equitable tolling based on fraud). "Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit." *Conley*, 810 F.2d at 915. A fair representation claim may also be "tolled while good faith attempts are made to resolve that claim through [intra-union] grievance procedures." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1510 (9th Cir. 1986). But because filing an NLRB charge is optional in this context, such action does not toll the limitations period. *Conley*, 810 F.2d at 916 (citing other circuit courts that have concluded the same). Nor does a delay arising from "a garden variety of excusable neglect" by the litigant. *Irwin*, 498 U.S. at 96.

While Mr. Frentress was not required to plead equitable tolling in his complaint, his response to the Union's motion to dismiss fails to show that the elements of equitable tolling—diligence and extraordinary circumstances—are met. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff."). He suggests that the Union's representations that he should pursue his grievance with his employer's human resources department, rather than through the Union's channels, may have induced him to hold off on filing his complaint (ECF No. 7 at 4), but he does not develop that argument or include facts to support it. The Court thus concludes that because Mr. Frentress has not demonstrated that equitable tolling applies, his claim is time-barred.

**2. Duty of Fair Representation Claim**

On the merits, the Union argues that Mr. Frentress's complaint lacks the factual allegations required to state a plausible claim upon which relief could be granted. (ECF No. 6 at 7-9.) Specifically, it argues that the complaint fails to show that the Union's refusal to process his grievance was a violation of the duty it owed to Mr. Frentress and fails to identify a provision in the CBA required the

Union to represent him in this dispute. (*Id.*)

Under the fair representation doctrine, "a union must represent fairly the interests of all bargaining-unit members during the negotiation, administration, and enforcement of collective-bargaining agreements." *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 47 (1979); *Vaca v. Stipes*, 386 U.S. 171, 182 (1967) (explaining that this duty stands "as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law" imposing the collective bargaining framework). "In particular, a union breaches its duty when its conduct is 'arbitrary, discriminatory, or in bad faith,' as, for example, when it 'arbitrarily ignore[s] a meritorious grievance or process[es] it in [a] perfunctory fashion.'" *Foust*, 442 U.S. at 47 (*quoting Vaca*, 386 U.S. at 190-91). "The Ninth Circuit has defined as 'arbitrary' conduct that is 'without a rational basis,' made with reckless disregard for the right of individual employees, or 'egregious' and 'unrelated to legitimate union interests.'" *Hays v. Nat'l Elec. Contractors Ass'n*, 781 F.2d 1321, 1324 (9th Cir. 1985) (quoting *Robesky v. Qantas Empire Airways, Ltd.*, 573 F.2d 1082, 1089-90 (9th Cir. 1978)) "Bad faith requires a showing of fraud, deceitful action or dishonest action." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 531 (10th Cir. 1992). "The union is accorded great latitude, however, in the handling of employee grievances, and the courts are hesitant to interfere with union decisions." *Ness v. Safeway Stores, Inc.*, 598 F.2d 558, 560 (9th Cir. 1979). "Simply showing that the Union did not represent [the plaintiff] as vigorously as it could have does not establish a" breach of duty. *Mock*, 971 F.2d at 531.

In his complaint, Mr. Frentress alleges that the Union "failed and refused to provide fair representation, failed to properly handle [his] grievance, failed to advocate for him, and otherwise acted arbitrarily, discriminatorily, and in bad faith . . . in reckless disregard to Plaintiff, Plaintiff's job, and Plaintiff's mental well-being." (ECF No. 1 at 4.) As the Union argues in its motion to dismiss (ECF

No. 6 at 7-8), this language largely just restates the elements of the claim without alleging non-conclusory facts to show that the Union's refusal to represent him was unlawful. *Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss). In response to the motion, Mr. Frentress seems to assert that the Union's actions were arbitrary because the CBA bars discrimination based on handicap status, making his claim that his employer refused to recognize "limited duty" positions for people with medical handicaps like his cognizable under the agreement. (ECF No. 7 at 3-4.) But these facts regarding the scope of the CBA in relation to handicap status were not included in the complaint and thus fall beyond our review at this stage. *See Iqbal*, 556 U.S. at 678-79 (requiring sufficient factual allegations to be contained *in the complaint*). Because Mr. Frentress's complaint lacks the allegations required to suggest that the Union's refusal to represent him in his dispute against his employer was "arbitrary, discriminatory, or in bad faith," *Vaca*, 386 U.S. at 190, the Court concludes that it does not survive the Union's motion to dismiss.

**3. Punitive Damages**

Finally, the Union requests dismissal of Mr. Frentress's request for punitive damages on the grounds that such an award is not permitted for duty of fair representation claims. (ECF No. 6 at 10.) Mr. Frentress does not dispute that point; he responds only that the Union's challenge to the request for punitive damages should be addressed through a motion to strike, not a motion to dismiss the complaint in full. (ECF No. 7 at 4.)

"The fundamental purpose of unfair representation suits is to compensate for injuries caused by violations of employees' rights." *Foust*, 442 U.S. at 48-49. But "[p]unitive damages 'are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to defer its future occurrence.'" *Id.* at 48 (*quoting Gertz v. Robert Welch, Inc.*, 418 U.S. 323,

350 (1974)). "Because general labor policy disfavors punishment, and the adverse consequences of punitive damages awards [on labor relations writ large] could be substantial," the Supreme Court has held that "such damages may not be assessed against a union that breaches its duty of fair representation by failing to properly pursue a grievance." *Id.* at 52. The Court thus dismisses with prejudice the request for punitive damages.

## III. CONCLUSION

It is therefore ordered that the Union's motion to dismiss (ECF No. 6) is GRANTED with leave to amend in accordance with this Order. The motion is GRANTED with prejudice as to the request for punitive damages. Should Mr. Frentress amend his complaint, the amended complaint shall date back to the original complaint's filing for statute of limitations purposes.

Dated this 9th day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE